# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35933

| | | |
|---|---|---|
| JOHN A. REESE, JR., | ) | 2010 Unpublished Opinion No. 478 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 24, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order of the district court summarily dismissing petitions for post-conviction relief, affirmed.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John A. Reese, Jr. appeals from the district court's order summarily dismissing his petitions for post-conviction relief. For the reasons stated below, we affirm.

## I.

## BACKGROUND

The factual background and course of proceedings are set forth in *State v. Reese*, Docket No. 31070 (Ct. App. Jan. 23, 2006) (unpublished):

> On November 16, 2003, the Lewiston Fire Department responded to a fire in a pile of hay on property leased by John A. Reese and sublet by him to George Velikanje. In the course of extinguishing the blaze and investigating its extent and cause, fire officials noticed the pile of hay concealed a gas generator. The officials also noticed that a pipe ran between the generator and a drum of gasoline inside an adjacent barn that also contained hay. After the outside haystack fire was extinguished, fire officials searched inside the barn to ensure the fire had not spread. During this search, the fire officials noticed a "hidden room" inside the barn and notified police. Responding police observed a dual-state water filter system with hoses leading to the hidden room and to a motor home parked in the

1

barn, and a heavy-duty extension cord running from the generator to the hidden room. Although no contraband was visible from outside the hidden room, two narcotics officers were able to detect the odor of growing marijuana. The narcotics officers concluded that marijuana was likely growing in the hidden room and they subsequently sought a search warrant. A magistrate court issued a warrant, and a marijuana grow operation with over 100 plants was discovered in the hidden room.

Reese and Velikanje were each arrested and charged with trafficking in marijuana, I.C. § 37-2732B(a)(1)(C), and their cases were later consolidated and tried together in front of a jury. The jury found each of them guilty and the district court sentenced Reese to the statutory minimum term of five years fixed, followed by a two-year indeterminate term.

On appeal, this Court denied relief and affirmed Reese's conviction and sentence. *See id.* Reese filed a *pro se* petition for post-conviction relief, and later filed an amended petition asserting the following claims: (1) ineffective assistance of trial and appellate counsel; (2) excessive sentence constituting cruel and unusual punishment; (3) misconduct by officials during investigation and arrest; (4) illegal search and unlawful search warrant; (5) abuse of the court's discretion in consolidating trials; and (6) denial of access to the courts. Reese also filed a request for counsel, which the district court granted. The state filed a motion for summary disposition. Afterward, Reese filed a second *pro se* petition for post-conviction relief in which he challenged the fine imposed in his case. The district court issued a notice of intent to dismiss the second petition on the grounds that the court imposed the minimum fine required by law, and therefore Reese was not entitled to relief. Reese filed a motion to consolidate both petitions, which the district court granted. Reese then filed a consolidated response to the state's motion for summary disposition and to the court's notice of intent to dismiss. The state replied, stating that the claim Reese raised in his second petition was procedurally barred and failed on the merits. The district court conducted a hearing at which time Reese asked the court to consider the claim raised in the second petition as an ineffective assistance of counsel claim for failing to raise that issue at the appellate level. The district court took the matter under advisement and ultimately issued a written opinion dismissing both of Reese's petitions. Reese filed an untimely appeal. The Idaho Supreme Court issued an order conditionally dismissing the appeal, but later withdrew the order after concluding Reese demonstrated good cause for the untimely filing. We therefore proceed to address Reese's appeal.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is

3

not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*

### III.

### ANALYSIS

Reese asserts that the district court erred by summarily dismissing his petitions for post-conviction relief. Specifically, with regard to his first petition, he argues that the district court did not correctly analyze his sentencing claim or his official misconduct claim as involving ineffective assistance of appellate counsel. He also argues that the district court erred in its conclusion that his appellate counsel was not ineffective for failing to raise a sufficiency of the evidence argument. Finally, with regard to his second petition, Reese contends that the district court did not address his argument that the statutory fine constituted cruel and unusual punishment, and that the district court erred when it dismissed his petition for being untimely without giving him notice for this ground of dismissal. The state counters that Reese's arguments fail because he never raised these claims in his petitions.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct.

4

App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). Claims of ineffective assistance of appellate counsel are subject to the standards set forth in *Strickland*. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007).

### A. First Petition Claims

In his first petition, Reese set forth his claim of ineffective assistance of counsel at the appellate level stating: "In my case my appeals [counsel] failed to appeal on the search issue, the warrant issue, the official misconduct issue, the severance issue, Denial of Access to courts issue, and a poor job researching the sentencing issue." With regard to sentencing, the district court addressed only a claim that his sentence constituted cruel and unusual punishment which was elsewhere alleged in the petition. Therefore, Reese argues that the district court did not correctly analyze his sentencing claim when it held that the claim was forfeited since it could have been, but was not raised on direct appeal. Reese acknowledges I.C. § 19-4901(b) precludes consideration of a cruel and unusual punishment challenge to the length of a sentence in post-conviction proceedings because that challenge can be raised on direct appeal. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007).

However, Reese argues that the district court neglected to consider that he had also alleged ineffective assistance of appellate counsel as to the cruel and unusual punishment sentencing claim. In his first petition Reese alleged that his appellate counsel was ineffective for failing to pursue several issues on direct appeal. Reese concludes his claim of ineffective assistance of appellate counsel by stating that his counsel did "a poor job researching the sentencing issue," without elaborating what that entailed. We cannot conclude under any

5

reading of Reese's first petition that he claimed that his appellate counsel was ineffective for failing to raise and argue on direct appeal that his sentence constituted cruel and unusual punishment. The district court did not err in limiting its analysis to a claim that Reese's sentence amounted to cruel and unusual punishment.

Reese also asserts that the district court failed to correctly analyze his claim that appellate counsel was ineffective for failing to challenge official misconduct. The district court held that the official misconduct claim was one that could have been raised on direct appeal, and was therefore forfeited. The official misconduct Reese refers to is his claim that his constitutional rights were violated when police officers questioned him before advising him of his *Miranda*[1] rights. He argues that appellate counsel was ineffective for failing to challenge the introduction of his comments in the back of the patrol car where he voiced his opinion that marijuana should be legal. However, the portion of Reese's petition which references the statements he made in the back of the patrol car was included elsewhere in connection with his sentencing claim. No mention of it is made in the portion of the petition alleging ineffective assistance of appellate counsel. The district court's analysis properly made no reference to such a claim because Reese's petition did not include this claim.

Next, Reese asserts that the district court erred by finding that Reese's appellate counsel was not ineffective for failing to pursue a sufficiency of the evidence issue. He argues that he alleged in his petition that his appellate counsel failed to bring up that his co-defendant had the only key to the grow area, therefore he had no access or control over it and cannot be guilty. However, the district court dismissed this claim, stating: "A review of the trial record discloses sufficient evidence to support the jury's finding that Petitioner was actively involved in the growing of the marijuana. Therefore, the decision by appellate counsel not to challenge the factual record did not fall below an objective standard of reasonableness." This Court came to the same conclusion on direct appeal, noting that the state produced many exhibits linking Reese directly to the grow operation. *State v. Reese*, Docket No. 31070 (Ct. App. Jan. 23, 2006) (unpublished). Reese failed to raise a genuine issue of material fact that appellate counsel was ineffective for failing to present an insufficiency of the evidence argument on direct appeal.

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

**B.     Second Petition Claims**

With regard to his second petition, Reese asserts that the district court erred when it dismissed the second petition without addressing the argument raised in his response that the statute itself is unconstitutional because it imposes a mandatory minimum fine for trafficking in marijuana.   Reese never alleged in his second petition that the mandatory minimum fine authorized by statute for trafficking in marijuana constituted cruel and unusual punishment, nor did he allege that the statute is unconstitutional.   The second petition merely asserted that the court abused its discretion in failing to account for Reese's inability to pay and the effect on his wife in imposing the fine.   As such, the district court was not obligated to address claims not included in the petition.  *See Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (stating that I.C. § 19-4903 mandates that the petition for post-conviction relief specifically state the grounds upon which the application is based and that I.C. § 19-4908 mandates that all grounds for relief must be raised in the original, supplemental, or amended application).

Reese also asserts that the district court erred when it dismissed his second petition as untimely because it never gave notice for this ground of dismissal.   When the district court dismissed Reese's second petition, it stated:   "Contrary to the arguments of Petitioner Reese, there were no factors for the Court to consider in deciding the amount of fine to impose. Therefore, in addition to being untimely, Petitioner's claim is without merit and is properly dismissed."   The ultimate reason for the dismissal was that Reese's claim had no merit.   Even though the district court's notice of intent to dismiss did not include timeliness as a basis for dismissal, it is of no consequence because the second petition would have been dismissed based on lack of merit.

## IV.

## CONCLUSION

The district court did not err when it summarily dismissed Reese's petitions for post-conviction relief.   Reese's arguments fail either because he did not raise these claims in his petitions, or because they do not raise any genuine issues of material fact that, if resolved in his favor, would entitle him to relief.   Accordingly, we affirm.

Judge GRATTON and Judge MELANSON **CONCUR.**

7