**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36609/36610**

| | | |
|---|---|---|
| **JOSHUA CABE HOLMAN,** | ) | **2010 Unpublished Opinion No. 714** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 22, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing applications for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

In this consolidated case, Joshua Cabe Holman appeals the district court's summary dismissal of his applications for post-conviction relief, claiming that, in each case, his trial counsel was ineffective for failing to file a motion to suppress. In the first case Holman pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and in the second case he pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and grand theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(1). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Two officers arrived at a home to investigate allegations that drugs were being used in the presence of a child. The homeowner consented to the officers' search of the home. The officers came to a locked door, which the owner explained was the door to Holman's room. When Holman answered the door, an officer asked if he could search his room and, in response,

1

Holman stepped aside. The search of the room produced drug paraphernalia and drugs. In case number 07-3626, Holman was arrested and charged with trafficking in methamphetamine, I.C. § 37-2732B(a)(4). He was later released on bail.

Holman failed to appear at a hearing and a bench warrant was issued for his arrest. Later, an officer recognized Holman riding as a passenger in a vehicle the officer knew to be Holman's and stopped the vehicle. After arresting Holman, the officer searched the vehicle and found drugs, drug paraphernalia, and stolen property. In case number 07-5464, Holman was charged with possession of a controlled substance, I.C. § 37-2732(c)(1), and grand theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(1).

Pursuant to a plea agreement, the charge of trafficking in methamphetamines was reduced to possession of a controlled substance. Holman pled guilty to possession of a controlled substance in both cases and to grand theft by possession of stolen property in case number 07-5464. On each charge of possession of a controlled substance, the district court sentenced Holman to a concurrent unified sentence of seven years with three years determinate. On the grand theft charge, the district court sentenced Holman to a unified sentence of ten years with three years determinate, which was to run concurrent with his other charges. The district court suspended the sentence and placed Holman on probation. Subsequently, Holman was found to have violated the terms of his probation, and the district court consequently revoked probation. The district court sua sponte reduced Holman's grand theft sentence to a unified term of seven years, with a minimum period of confinement of three years. Thereafter, Holman filed an I.C.R. 35 motion for reduction of his sentences. The district court granted Holman's motion and reduced his sentences to unified terms of seven years, with minimum periods of confinement of two years. This Court affirmed the district court's orders revoking probation. *State v. Holman*, Docket Nos. 35693 and 35694 (Ct. App. May 11, 2009) (unpublished).

Shortly after his probation was revoked Holman filed an application for post-conviction relief, which was copied and filed as separate actions for each of the underlying criminal proceedings. Thereafter, the applications were handled as a single proceeding, but retained separate case numbers. The State moved for summary dismissal which the district court granted. Holman appeals.

## II.

## DISCUSSION

Holman argues his counsel was ineffective in failing to file a motion to suppress in each of his two criminal cases. An application for post-conviction relief initiates a civil, rather than criminal proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at

3

629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho

758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.*

## A.      Search of the Room

On appeal, Holman argues the district court erred in dismissing his claim that in case number 07-3626 his trial counsel was ineffective for failing to file a motion to suppress the evidence officers found in his room because his consent was coerced. Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen,* 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

The only evidence Holman presented to the district court on the search of his room came from his affidavit in support of his post-conviction application, which states: "I was arrested on

May 25th 2007 in regards to evidence obtained by an illegal search and seizure at my legal residence where I lived and payed [sic] rent where the police entered without a search warrant." Also attached to Holman's affidavit was a letter he had written to his trial counsel requesting a motion to suppress because the police did not have a warrant. The district court took judicial notice of Officer Arredondo's affidavit in support of the complaint, which states:

> On April 25, 2007 at approximately 0839 hours I was dispatched to [address] for a priority 3 Health and Welfare referral. The report from Health and Welfare was that drugs were being done in the presence of an 11 month old child named [K.H.]. I made contact with the father of the child Joseph [H.]. Joseph allowed me to enter the residence to make sure that there was nothing hazardous in the residence that would posse [sic] a threat to the child. I searched their immediate living area for anything in plain view and found nothing of concern. I came to a door at the back of the residence that was locked. I asked Joseph whose room it was and he said a roommate. Joseph said that he was not currently home. I knocked on the door and announced myself as a Twin Falls Police Officer. A male individual later identified as Joshua Holman answered the door. I asked him if this was his room and he said, "Yes". I told him that we were checking the house to see if drugs were being used in the presence of a child. I asked him if I could do a quick look though [sic] of his room. Joshua stepped aside and let me walk into the room. I also noticed a female in the room who I know from prior law enforcement dealings to be [D.F.]. As I was conducting a search for items in plain view I saw a glass pipe with a white burnt residue sitting on the bed. Through my training and experiences as a Twin Falls Police Officer I recognized this as a tool used to smoke methamphetamine. . . .

Officer Arredondo found other pipes, needles, a scale with a white crystal residue on it, methamphetamines, and marijuana. Holman was then arrested.

The district court determined that Holman had not established a genuine issue of fact that would require a trial and dismissed Holman's application. In addressing Holman's claim the court stated:

> The failure to file the motion to suppress, I believe, Mr. Rockstahl, your brief sets out *State v. Zapp*, *State v. John Johnson* and *State v. Kerley*. Those cases do support the notion of which you argue; however, there are no facts in this record, just conclusory statements relative to the consent. By taking notice of the affidavit of probable cause from Timothy Arredondo filed on April 26, 2007, it's clear that consent is granted by Mr. Joseph [H.], when Arredondo went to the trailer. It's further set forth that Arredondo asked Holman for permission and that Holman stepped aside and allowed Arredondo to search. No facts in the record contradict that other than conclusory statements by Mr. Holman that he now, after the fact, says that he didn't give consent and that his consent was not free and voluntary. I find there are no facts before me as required to establish that claim.

6

Holman argues that "silently stepping backward and failing to protest in the face of a police officer's request to search, while it certainly could be construed by the fact-finder as implied consent to search, could also be construed as acquiescence to the officer's authority, depending on all of the other unique circumstances leading up to the search." Holman presented no evidence of duress or coercion. On appeal he simply asserts that an inference could be drawn that his act of stepping aside was acquiescence rather than consent. From this he argues that he was entitled to an evidentiary hearing. However, as the facts were not in dispute,[1] the district court was free to arrive at the most probable inference to be drawn from the uncontroverted evidentiary facts. Holman failed to present a genuine issue of material fact which would warrant an evidentiary hearing. The district court did not err in granting summary dismissal.

**B.      Search Incident to Arrest**

In case number 07-5464, Holman argues that the district court erred in dismissing his claim that his counsel was ineffective for not filing a motion to suppress the evidence seized from the vehicle as an illegal search incident to arrest. Holman's application for post-conviction relief states that his conviction was obtained by evidence from an unlawful arrest and his counsel failed to file a motion to suppress. Holman's affidavit in support of the post-conviction application provides no evidence of the circumstances of the search. The district court took judicial notice of Officer Loosli's affidavit in support of the complaint. Officer Loosli stated:

> On Saturday, June 16, 2007, at approximately 2020 hours I was in the area of [address] where I observed a grey Mitsubishi Eclipse, [license plate number]. I recognized this vehicle to belong to Joshua C. Holman. I knew Holman through a previous incident and that he had a $150,000 warrant. I observed Holman in the passenger seat of the car. I initiated a traffic stop at Idaho St. E. and 3rd Ave E., in the City and County of Twin Falls, State of Idaho. Holman was arrested for his warrant. I searched the vehicle incident to arrest where a digital scale was located in the center console of the vehicle. I recognized the scale to be paraphernalia commonly used to weigh drugs though [sic] my training and experience as a police officer. I had observed Holman reaching down the side of the passenger seat next to the center console. I located a small plastic bag with a white crystal substance inside. I recognized the white crystal substance as methamphetamine through my training and experience as a police officer. [D.F.], the driver, advised me that Holman had placed something in the driver side visor. I located a glass

---

[1]      The facts surrounding the search, including that the room searched was Holman's and that the officers did not have a warrant to search the room, were not disputed.

pipe with residue which I recognized paraphernalia commonly used to smoke methamphetamine through my training and experience as a police officer. . . .

The district court held:

> Again, the failure to file the motion to suppress, I rule similarly as I did on the house search case. Petitioner's burden is to show the motion would have been granted. There are no facts in the record but simply conclusory statements. A search incident to a lawful arrest in any event is lawful and valid under *New York v. Belton* and *State v. Nickel*, 134 Idaho 610. I recognize that standard has been somewhat modified with the recent Supreme Court case; but at the time in question here those rules were those governing the situation and that, again, no facts show that the search incident to arrest was invalid; but merely, I have conclusory statements.
>
> Finally, there's a claim that this was an unlawful arrest. The arrest was pursuant to a valid warrant issued by Judge Stoker, as noted on June 4, 2007; and therefore, there's no showing that the arrest was in any way invalid.

Holman argues that a motion to suppress should have been pursued on the grounds advanced in *Arizona v. Gant*, __ U.S. __, 129 S.Ct. 1710, 1714 (2009) (holding that *New York v. Belton*, 453 U.S. 454 (1981), does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle).[2] In his briefing on appeal, Holman traces the evolution of the search incident to arrest exception to the warrant requirement through *Chimel v. California*, 395 U.S. 752 (1969) (permitting a search incident to arrest for the area within the arrestee's immediate control), *Belton*, 453 U.S. 454 (allowing a search of the passenger compartment of a vehicle when pursuant to a contemporaneous arrest), and *Thornton v. United States*, 541 U.S. 615 (2004) (holding that *Belton* governs even when an officer does not make contact until the person arrested has left the vehicle). Holman emphasizes the concurring and dissenting opinions in *Thornton* in an effort to show that the holding in *Gant* was a natural progression in the law. Holman contends that after *Thornton*, at the time of Holman's proceeding, defense attorneys were on notice that *Belton*'s applicability to situations in which the arrestee no longer had access to his vehicle was still an open question under the Fourth Amendment. Holman points out that the defense attorney in *Gant* made the argument and that other defense attorneys in Idaho had presented this argument before *Gant* was issued. Holman argues that a reasonably competent defense attorney should

---

[2] The State argues this claim was not presented below and is not preserved for appeal. We disagree, as the issue was discussed by the parties and the court below.

have filed a motion to suppress and argued that Officer Loosli's search of the vehicle was illegal because Holman had been arrested and was not present near the vehicle.

The argument raised by Holman is identical to the argument rejected by this Court in *Hoskins v. State*, __ Idaho __, __ P.3d __ (Ct. App. 2010); on the same basis we reject Holman's claim. Holman's appeal was final prior to the issuance of *Gant*, and any motion to suppress would have been unsuccessful.[3] Thus, he has not shown that his trial counsel was deficient or that he was prejudiced. Holman failed to demonstrate that he was entitled to an evidentiary hearing, and the district court did not err in summarily dismissing his application.

## III.

## CONCLUSION

Holman did not present sufficient evidence that his consent to the search of his room was coerced to withstand the motion for summary dismissal. He also failed to show that a motion on *Gant* grounds would have been successful. The district court's summary dismissal of Holman's application for post-conviction relief is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

---

[3] *Gant* may have been applicable to Holman's case if his case was ongoing at the time *Gant* was issued. *See State v. Frederick*, 149 Idaho 509, 236 P.3d 1269 (2010).