195 P.3d 712

**Derek W. HAYES, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33451.

Court of Appeals of Idaho.

Feb. 27, 2008.

Rehearing Denied April 4, 2008.

Review Denied Nov. 12, 2008.

Derek W. Hayes, Littlefield, Texas, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Derek W. Hayes appeals from the district court's order summarily dismissing his petition for post-conviction relief.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

After Hayes pleaded guilty to robbery and eluding a police officer, the district court imposed an aggregate unified sentence of thirty years with ten years determinate and ordered Hayes to pay restitution in the amount of $7,801.89. We affirmed on appeal. *State v. Hayes*, 138 Idaho 761, 69 P.3d 181 (Ct.App.2003). Hayes then filed a petition for post-conviction relief, raising numerous claims of ineffective assistance of counsel and seeking withdrawal of his guilty pleas. The district court summarily dismissed the petition. On appeal, we affirmed in part and reversed in part. *Hayes v. State*, 143 Idaho 88, 137 P.3d 475 (Ct.App.2006). We held that Hayes had made a prima facie showing of ineffective assistance of counsel on two claims, and so remanded for an evidentiary hearing on whether trial counsel was ineffective for failing to advise Hayes that he could be required to pay restitution, and for failing to object to the State's request for restitution at the sentencing hearing.

On remand, the State attempted to stipulate with Hayes to vacate the restitution order, but Hayes refused to do so. The State then filed a motion to vacate the restitution, which the court granted. The district court then found that counsel had deficiently performed, but held that because the restitution now had been eliminated, Hayes had not been prejudiced by his attorney's error. Accordingly, the court dismissed the petition for post-conviction relief. Hayes appeals.

## II.

### DISCUSSION/ANALYSIS

An action for post-conviction relief may be summarily dismissed, either on the State's motion or upon the court's own initiative, if the applicant has not presented evidence which, if found to be true, would enti-

tle him to the requested relief. Idaho Code § 19–4906; *Medrano v. State,* 127 Idaho 639, 642, 903 P.2d 1336, 1339 (Ct.App.1995); *Gonzales v. State,* 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct.App.1991). For purposes of considering a summary dismissal motion, an applicant's uncontroverted factual allegations contained in an application for post-conviction relief and supporting affidavits are deemed to be true. *Dunlap v. State,* 126 Idaho 901, 904, 894 P.2d 134, 137 (Ct.App. 1995); *Roman v. State,* 125 Idaho 644, 873 P.2d 898 (Ct.App.1994); *Ramirez v. State,* 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct.App. 1987). However, because the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary disposition is permissible, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *State v. Yakovac,* 145 Idaho 437, 180 P.3d 476 (2008). That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.* Therefore, on appeal from the summary dismissal of an application for post-conviction relief, the inquiry is whether the application, affidavits, or other evidence supporting the application allege facts which, if true, would entitle the applicant to relief. *Parrott v. State,* 117 Idaho 272, 274, 787 P.2d 258, 260 (1990); *Roman,* 125 Idaho at 647, 873 P.2d at 901; *Whitehawk v. State,* 116 Idaho 831, 833, 780 P.2d 153, 155 (Ct.App.1989). An appellate court must defer, however, to reasonable inferences drawn from the evidence by the trial court if the uncontroverted evidentiary facts are sufficient to justify them. *Farnsworth v. Dairymen's Creamery Ass'n,* 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct.App. 1994).

A petitioner seeking relief for ineffective assistance must meet a two-pronged test, showing both that the attorney's representation fell below objective standards of competence, and that the petitioner was prejudiced by the attorney's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 689,

104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). In order to satisfy the "prejudice prong," a defendant convicted upon a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 367, 88 L.Ed.2d 203, 210 (1985). Hayes contends that the district court erred in finding that he was not prejudiced by counsel's deficient performance.

Hayes correctly notes that due process requires that a defendant's plea be entered voluntarily, knowingly and intelligently. *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). The plea must be entered with "a full understanding of what the plea connotes and of its consequence." *Brooks v. State,* 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct.App.1985). In Idaho, the trial court must follow the minimum requirements of Idaho Criminal Rule 11(c) in accepting guilty pleas. If the record indicates that the trial court followed the requirements of I.C.R. 11(c), this is a prima facie showing that the plea is voluntary and knowing. One of the requirements of the rule is that the defendant be informed of any direct consequences of the plea which may apply, I.C.R. 11(c)(2), including the possibility of restitution, *State v. Banuelos,* 124 Idaho 569, 573, 861 P.2d 1234, 1238 (Ct.App.1993). As we said in Hayes's earlier appeal, "a defense attorney's failure to either inform his client of the risk of a restitution order as a consequence of a contemplated guilty plea or to object to the State's request for restitution at or after sentencing when the defendant was not previously informed of that consequence, may constitute deficient performance." *Hayes,* 143 Idaho at 93, 137 P.3d at 480. The district court correctly found that Hayes's counsel's performance in this regard was insufficient.

Hayes cites a number of cases discussing a defendant's right to withdraw his guilty plea if he did not understand the consequences of the plea, including *State v. Heredia,* 144 Idaho 95, 156 P.3d 1193 (2007) (permitting de-

fendant to withdraw guilty plea when he had not been informed that he would be required to pay child support for the victim's children); *Colyer*, 98 Idaho at 36, 557 P.2d at 630 (saying that when record does not indicate that defendant understood the possible consequences of his plea, his plea must be set aside). *See also State v. Gardner*, 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct.App.1994) (recognizing that where a guilty plea is shown to be constitutionally invalid, leave to withdraw the plea is constitutionally mandated). He therefore argues that because he was not informed before pleading guilty that restitution could be imposed, the district court should have permitted him to withdraw the guilty plea rather than merely striking the restitution order.

We first note that in *Banuelos* we approved the very procedure of which Hayes now complains. In that case, the defendant pleaded guilty without being informed that he could be held liable for investigative costs incurred by law enforcement. We determined that the appropriate remedy was to strike the order of restitution from the sentence. The procedural posture of this case is also significant. This post-conviction action is a collateral attack on Hayes's conviction.[1] He argues that his defense attorney was ineffective for failing to advise Hayes about the consequences of his plea. As Hayes himself has framed it throughout these proceedings, the issue is not whether the *plea* was constitutionally defective, but whether his *attorney's performance* was constitutionally defective. This is not a question of Fifth Amendment due process, but a question of Sixth Amendment right to counsel that, under *Strickland*, requires a showing of both deficient performance *and* prejudice.

 Hayes argues that if a plea is taken without full knowledge of its direct consequences, counsel's failure to correct this error is presumptively prejudicial. However, we presume prejudice from deficient performance of defense counsel only in a narrow set of circumstances. The presumption arises when the client shows that during the criminal proceedings, he was actually or con-

structively denied the assistance of counsel altogether. *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Under such circumstances, "[n]o specific showing of prejudice [is] required," because "the adversary process itself [is] presumptively unreliable." *Id.* The United States Supreme Court has held that counsel's failure to advise a defendant about the consequences of a plea does not fall into this category. *See Hill*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (holding defendant did not show required prejudice from counsel's alleged failure to advise him about eligibility for parole under the sentence agreed to in the plea bargain). Therefore, we do not presume prejudice.

Given the posture of this case, no prejudice exists. Hayes asserts that he would not have pleaded guilty if he had known he could be ordered to pay restitution. However, the restitution has been extinguished, and Hayes is therefore faced with precisely the consequences that he believed he was facing when he pleaded guilty. Consequently, any prejudice that may have existed from counsel's failure to inform him about the possibility of restitution has been purged.

Even if this claim were a direct challenge to the constitutionality of Hayes's guilty plea, asserting that he was deprived of due process because he was not informed of all the consequences of the plea, the result here would remain the same. We cannot perceive how Hayes has been deprived of due process when the consequence of the plea of which he had not been informed has been extinguished. The revocation of the restitution order placed Hayes in precisely the position that he believed he would occupy when he pleaded guilty. He no longer suffers from any consequence of which he was not forewarned. Therefore, no deprivation of due process has been demonstrated.

 To the extent that Hayes argues that the State breached the plea agreement by requesting restitution, he did not raise this claim below; a claim that a plea agree-

---

1. Hayes's earlier motion to withdraw his plea pursuant to I.C.R. 33(c), which is not at issue in this case, was brought on entirely different grounds.

ment has been breached is separate from a claim that defense counsel was ineffective with regard to the plea. We limit our review to the theories presented in the trial court, and will not address issues raised for the first time on appeal. *State v. McAway*, 127 Idaho 54, 60, 896 P.2d 962, 968 (1995); *State v. Vierra*, 125 Idaho 465, 468, 872 P.2d 728, 731 (Ct.App.1994); *State v. Law*, 115 Idaho 769, 771, 769 P.2d 1141, 1143 (Ct.App.1989). Furthermore, Hayes raised this issue for the first time in his reply brief, and we ordinarily do not address issues raised at that juncture. *State v. Killinger*, 126 Idaho 737, 740, 890 P.2d 323, 326 (1995). Finally, even if a breach occurred here, as a remedy the court may order specific performance of the plea agreement or may permit the defendant to withdraw the guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002). In this case, the court essentially ordered specific performance by removing the restitution, and Hayes received exactly the benefit that he thought he had bargained for.

## III.

## CONCLUSION

Because the restitution order in this case has been vacated, Hayes has not been prejudiced by counsel's failure to inform him that this was a possible consequence of his guilty plea. We therefore affirm the dismissal of his petition for post-conviction relief.

Chief Judge GUTIERREZ and Judge PERRY CONCUR.

