IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37344

| MARCUS D. McGRAY, | ) | 2011 Unpublished Opinion No. 396 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 16, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Steven C. Verby, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Marcus D. McGray, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Marcus D. McGray appeals the district court's summary dismissal of his application for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

McGray pled guilty to one count of felony driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005(7), in a Bonner County case, transferred by stipulation to Boundary County, and one count of felony DUI in a Boundary County case. The district court imposed concurrent unified sentences of ten years with four years determinate. Due to a change in the DUI sentencing law between the two arrests, McGray filed an Idaho Criminal Rule 35 motion to correct an illegal sentence in the Bonner County case and a Rule 35 motion for reduction of sentence in the Boundary County case. The district court heard oral argument on the motions without McGray's presence. The court granted the Bonner County case motion and reduced

1

McGray's sentence to five years with four years determinate, and denied the Boundary County case motion.

On appeal, this Court affirmed the denial of the Boundary County case Rule 35 motion, but remanded the Bonner County case for resentencing with McGray present. *State v. McGray*, Docket Nos. 34169/35244 (Ct. App. April 20, 2009) (unpublished). A resentencing hearing was held and the district court again imposed a unified sentence of five years with four years determinate. McGray filed a Rule 35 motion for reduction of sentence which was denied. This Court affirmed the district court's order denying McGray's Rule 35 motion. *State v. McGray*, Docket No. 36795 (Ct. App. March 25, 2010) (unpublished).

In August 2009, McGray filed the instant application for post-conviction relief. In his application, McGray stated as claims for relief: (1) violation of constitutional rights (unconstitutional statute); (2) ineffective assistance of counsel; and (3) failure to bring up issues at presentence proceedings. Specifically, in regard to the ineffective assistance of counsel claim, McGray asserted that counsel: (1) failed to bring up issues at discovery and presentence; (2) failed to have presentence report, psychological evaluation, drug and alcohol reports at presentence proceedings; and (3) failed to defend his constitutional rights.

The district court appointed counsel. The State filed an answer and a motion for summary dismissal with supporting brief. The district court filed a notice of intent to dismiss. The district court notified McGray that he had twenty days to file an affidavit of facts to support the allegations in the application. McGray's counsel filed a reply stating that McGray did not intend to file anything else in support of his petition.[1] The district court noted that McGray's counsel had stated in the reply that counsel had researched the possible constitutional issues as well as the concerns raised by McGray, and after discussing the matter with McGray, determined to file no response to the court's notice of intent to dismiss. The district court dismissed McGray's application. McGray appeals pro se.

---

[1] The documents referred to in this paragraph are not contained in the record on appeal, but are listed in the register of action and/or referred to by the district court in its order summarily dismissing McGray's application.

## II.

### ANALYSIS

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate,

3

however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the

4

claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

As set forth above, McGray was required to submit facts in support of the allegations in his application in order to avoid summary dismissal by the district court. He did not. In his brief on appeal, McGray attempts to assert additional claims or arguments, including that: (1) he accepted the plea agreement assuming the sentences in both cases would be the same and the Boundary County sentence should have been reduced; (2) the Idaho Court of Appeals' opinion conflicts with the Idaho Supreme Court precedent regarding mitigation factors in sentencing; (3) his attorney failed to properly discuss the case with him and advise of the probable consequences of a guilty plea; (4) his attorney failed to negotiate specific sentencing terms; (5) his plea was not voluntary due to un-kept promises of counsel; (6) his attorney failed to correct the presentence investigation report; (7) his attorney failed to present mitigation evidence; and (8) his attorney failed to obtain a plea agreement that actually benefitted him. These assertions, most of which were not raised in the district court and are not properly considered on appeal, do not provide factual support for the claims appropriately raised. Without such facts, McGray has failed to meet his burden of making a prima facie case for post-conviction relief and summary dismissal was appropriate.

## III.

## CONCLUSION

McGray failed to support his claims with any factual evidence and, therefore, the district court's order dismissing McGray's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge MELANSON **CONCUR.**

5