IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39479

| RICHARD JOHN URRIZAGA, | ) | 2013 Unpublished Opinion No. 400 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Richard John Urrizaga, St. Anthony, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Richard John Urrizaga appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEUDRE

In 2003, Urrizaga pled guilty to trafficking in drugs and was sentenced to a unified term of twenty-two years, with a minimum period of confinement of twelve years. In 2011, the State Appellate Public Defender's Office sent Urrizaga a letter indicating misconduct had previously occurred in at least one of the state's forensic laboratories and that Urrizaga may want to determine whether it had any bearing upon his case.

In July 2011, Urrizaga filed a petition for post-conviction relief and was thereafter appointed counsel. In addition to the petition, he submitted letters from the Idaho State Police to Idaho prosecutors generally describing the misconduct that had occurred. The letters indicated that employees at the forensic laboratory in Pocatello had wrongfully maintained a box of

unaccounted for drugs that was used for tours of the facility. Employees concealed this box during audits of the facility. The letters also indicated that one employee had ordered a quantity of a drug (GHB) that was in excess of the amount authorized under the Idaho State Patrol Forensic Quality Manual. The employee also concealed this drug from inspectors and auditors.

In the affidavit accompanying his petition, Urrizaga alleged that the Idaho State Police had substituted unaccounted for drugs in place of the drugs related to his case and that the material confiscated from him was not illicit. Urrizaga provided no documents or other evidence supporting this contention and failed to provide a link between the issues at the state forensic lab and his case. The district court filed a notice of intent to dismiss pursuant to I.C. § 19-4906(b) stating that, while the district court found Urrizaga's petition timely, Urrizaga failed to assert facts which would entitle him to relief relating to the misconduct by the state forensic lab. Urrizaga filed a motion to extend time, and the district court granted that motion. However, Urrizaga thereafter failed to respond and the district court summarily dismissed his petition. Urrizaga appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

2

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id*.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

On appeal Urrizaga raises two issues, neither of which was raised in his petition. First, he alleges that his post-conviction attorney obtained lab results pertaining to a different case and, therefore, fairness requires that the case be remanded and that he be allowed to obtain the correct lab results and present them to the district court. Second, he alleges ineffective assistance of counsel with respect to his post-conviction attorney because lab results from a different case were presented to the district court. In support of these issues, Urrizaga attached exhibits to his brief that were not presented to the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because these issues and documents were not presented to the district court, we will not address them on appeal.

With respect to the issues presented by the petition, the district court found that Urrizaga failed to provide specific information about the misconduct that took place at the forensic lab, in what manner such misconduct related to Urrizaga's case, or the actual impact such misconduct may have had on Urrizaga's conviction. Urrizaga relies upon mere conclusory allegations not supported by any admissible evidence regarding misconduct at a specific forensic laboratory related to his particular case. There is no evidence indicating the drugs seized in Urrizaga's case were tested at the affected lab referenced in the letters, nor is there any evidence regarding the type of impropriety alleged--using unaccounted for drugs in place of seized material from defendants. Therefore, the district court did not err in summarily dismissing Urrizaga's petition for post-conviction relief.

4

## IV.

## CONCLUSION

Urrizaga failed to assert facts supported by admissible evidence which would entitle him to relief. Therefore, we affirm the district court's summary dismissal of Urrizaga's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**