**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43037**

| | | |
|---|---|---|
| JOHN JOSEPH DELLING, | ) | 2016 Unpublished Opinion No. 439 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

John Joseph Delling, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

John Joseph Delling appeals from the district court's order summarily dismissing his petition for post-conviction relief. Delling requests we remand his case back to the district court to determine whether he was competent to waive his right to trial and sign a plea agreement. For the reasons explained below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Delling with two counts of first degree murder. The charges were later amended to second degree murder. Shortly after being charged, Delling was found unfit to proceed. After nearly a year, the district court found that Delling's mental state had improved, and he was capable of aiding in his own defense.

1

Delling filed a motion asking the district court to declare Idaho Code § 18-207, the legislative abrogation of mental condition as a defense, unconstitutional on its face and as applied. The district court denied the motion.

Delling entered a conditional guilty plea to second degree murder. He preserved his right to appeal the court's decision on his motion to declare I.C. § 18-207 unconstitutional in exchange for the prosecutor's recommendation of concurrent sentences. He was sentenced to determinate life for each second degree murder count.

Delling filed a timely petition for post-conviction relief, arguing that his trial counsel was ineffective for advising him to plead guilty because the risk of the death penalty was illusory given his mental state, and he therefore did not benefit from the plea bargain. Delling maintains that trial counsel should have advised him to take the case to trial to develop a record for challenging the constitutionality of I.C. § 18-207. Additionally, Delling contends trial counsel should not have advised him to plead guilty because trial counsel knew Delling was seriously mentally ill at the time of his plea. The State filed a response to Delling's petition and moved to summarily dismiss the petition, but Delling did not reply.

The district court summarily dismissed Delling's petition, reasoning that the record contradicts Delling's claims, he failed to offer admissible evidence, and he did not set forth evidence to make a prima facie case as to the elements of an ineffective assistance of counsel claim. Delling appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the

2

personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be

summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Delling raises ten issues on appeal from the district court's summary dismissal of his petition for post-conviction relief. However, none of the ten issues address the claims set forth in his petition. His petition contains ineffective assistance of counsel claims regarding his trial counsel advising him to plead guilty. On appeal, Delling primarily attributes shortcomings and failures to the district court, the State, and the Idaho Supreme Court.[1] His one argument directed at trial counsel pertains to the lack of a psychiatric evaluation. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401,

---

[1]     Delling specifically argues on appeal that the district court violated his constitutional rights by not providing a psychiatric professional to interview and observe Delling at the time of the plea bargain; that his trial counsel failed to provide adequate representation because he failed to provide a psychiatric professional to conduct an evaluation to refute the prior evaluation that found Delling competent; that the district court abused its discretion when it found that Delling was competent; that the State and the district court violated Delling's constitutional rights by convicting an incompetent defendant; that the State violated Delling's constitutional rights by permitting, coercing, and causing Delling to waive his right to trial and sign a plea agreement; that the State violated Delling's constitutional rights when it knowingly failed to conduct a competency hearing even though Delling requested the hearing from trial counsel; that the Supreme Court violated his right to counsel by providing counsel that did not visit Delling and did not argue Delling's case before the court; and that the Supreme Court violated Delling's rights by failing to warn Delling of the dangers of self-representation before allowing him to proceed pro se, by upholding Delling's conviction even though it admitted the Ada County Public Defenders provided inadequate representation, and by knowingly permitting him to represent himself even though he was incompetent.

925 P.2d 399, 405 (Ct. App. 1996).  Because Delling's ten issues on appeal were not set forth in his petition for post-conviction relief, the district court did not consider any of them.  The issues were therefore not preserved for appeal.  Accordingly, we affirm the district court's order summarily dismissing Delling's petition for post-conviction relief.

## III.

## CONCLUSION

Delling's issues on appeal were not preserved because they were not raised in his petition for post-conviction relief.  We therefore affirm the district court's order summarily dismissing Delling's petition.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.