**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43266**

| | | |
|---|---|---|
| **GRANT WHITELEY GOSCH,** | ) | **2016 Unpublished Opinion No. 504** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: April 28, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Grant Whiteley Gosch, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Grant Whiteley Gosch appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Gosch pled guilty to felony domestic battery, I.C. § 18-918, pursuant to I.C.R. 11. The plea agreement bound the district court to retain jurisdiction and provided for the dismissal of other felony charges. The district court sentenced Gosch to a unified term of eight years, with a minimum period of confinement of three years, and retained jurisdiction. Gosch failed to complete the requirements of the rider program. At a jurisdictional review hearing, despite the state's argument that jurisdiction be relinquished, the district court again retained jurisdiction. Following the second review hearing, the court relinquished jurisdiction. Gosch filed a petition

1

for post-conviction relief along with an affidavit of facts setting forth numerous claims. After Gosch failed to respond to the district court's notice of intent to dismiss, the district court entered an order summarily dismissing Gosch's petition for post-conviction relief. Gosch appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained

2

to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

# III.

## ANALYSIS

Gosch asserts three issues on appeal: the district court erred in dismissing his ineffective assistance of counsel claims, he was denied the right to an appeal, and he was denied the right to file an I.C.R. 35 motion for reduction of his sentence.

## A.    Ineffective Assistance of Counsel

Gosch alleges he received ineffective assistance of trial counsel and that the district court erred in dismissing his claim. However, the "argument" section of his brief only refers to the denial of right to appeal issue. No argument or authority is presented regarding the ineffective assistance of counsel issue, except as it may relate to the right to appeal claim. An appellant asserting that trial counsel was ineffective must support his or her argument with propositions of law, authority and argument, otherwise it will not be considered. *Murray v. State*, 156 Idaho 159, 168, 321 P.3d 709, 718 (2014). Gosch has waived his claim that counsel was ineffective except to the extent that the claim was raised in connection with his claim that he was denied the right to appeal. Therefore, we will not address the ineffective assistance claim except to the extent that it may relate to his claim that he was denied the right to appeal.

## B.    Right to Appeal

Gosch alleges he was denied the right to an appeal. This issue was raised in his pro se petition by way of a note in the margin with an arrow pointing to a claim of ineffective assistance of counsel based upon false testimony being presented, apparently at sentencing. The note simply states: "Asked for an appeal at time." Based upon the record, this note was, apparently, the only reference to Gosch's claim that he was denied the right to appeal before the district court. The district court treated this note as a claim of ineffective assistance of counsel. On appeal, Gosch does not offer any argument or authority on this issue except as to his claim that he was denied access to Rule 35 forms. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

## C.    Rule 35

Gosch alleges that he was denied the right to file a Rule 35 motion for reduction of his sentence. Gosch alleges that he requested forms for filing a Rule 35 motion several times while he was incarcerated in Kootenai County, but he received no response. This claim is mentioned

for the first time in Gosch's notice of appeal and appears to be supported by exhibits attached to the notice of appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, this Court will not further consider this allegation.

## IV.

## CONCLUSION

Gosch has not shown that he received ineffective assistance of counsel. Furthermore, Gosch has failed to show that he was denied the right to an appeal. Finally, Gosch's claim that he was denied the right to file a Rule 35 motion is not properly before this Court. Accordingly, the district court's order summarily dismissing Gosch's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GRATTON and Judge HUSKEY, **CONCUR**.