IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45198

| JOSHUA JAMES FINCH, | ) | |
|---|---|---|
| | ) | Filed: October 23, 2018 |
| Petitioner-Appellant, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment and order dismissing petition for post-conviction relief, affirmed.

Joshua James Finch, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Joshua James Finch appeals from the district court's final judgment in which the district court dismissed Finch's petition for post-conviction relief. Finch presents six arguments on appeal: (1) trial counsel violated Finch's right to a mental health evaluation; (2) the district court violated Finch's constitutional right because, although the district court ordered a mental health evaluation, the evaluation was never conducted; (3) Finch received ineffective assistance of counsel which violated his constitutional rights because counsel waived Finch's right to amend his petition for post-conviction relief without Finch's consent; (4) the State improperly destroyed evidence; (5) post-conviction counsel provided false testimony to the court; and (6) cumulative error. For the reasons set forth below, we affirm the district court.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Finch pleaded guilty to the following crimes: aggravated assault, Idaho Code §§ 18-901(b), 18-905(a); unlawful possession of bombs or destructive devices, I.C. §§ 18-3319, 18-3318, 18-3321; unlawful possession of firearms, I.C. § 18-3316; and two counts of injury to child, I.C. § 18-1501(1). The district court imposed an aggregate unified sentence of twenty-five years, with thirteen years determinate. Finch appealed, and this Court affirmed the sentence imposed by the district court. *State v. Finch*, Docket No. 42414 (Ct. App. May 14, 2015) (unpublished).

Finch filed a pro-se petition for post-conviction relief.[1] In addition, Finch filed a motion for appointment of counsel, which the district court granted. The State filed a motion for the summary dismissal of all of Finch's claims. The district court held a hearing on the State's motion for summary dismissal. After the hearing, the district court issued a memorandum decision and order granting in part and denying in part respondent's motion for summary dismissal. On the claims the district court declined to grant summary dismissal, the court issued a notice of intent to dismiss based on the deficiency of the claims. Upon receipt of the notice of intent to dismiss, Finch alleged he was having difficulty contacting his attorney so the district court held a hearing to determine whether Finch was able to communicate with his attorney. At the hearing, post-conviction counsel stated that Finch had instructed her not to change anything in the petition and Finch confirmed that he wanted to proceed with the petition "as is," indicating

---

[1] Finch's petition listed the following grounds on which he based his petition for post-conviction relief:

(1) Miranda Violation, 6th Amendment U.S.C.A. (See Affidavit & Issues attached: w/controlling authority) per ineffective assistance counsel

(2) Denial of Mitigating Evidence-failure to include accurate Mental health Evaluation, & submission of false evaluation by state, denied effective assistance of counsel.

(3) Brady Violation, withholding evidence, destruction of evidence, denial of right to refute and dispute governments claims and severity of charges, evidence key to this challenge destroyed. [N]o counsel consulted with or informed of destruction prior to.

(4) Ineffective Assistance of trial counsel, refused to challenge government investigate, preserve evidence, obtain existing mental eval., or do any defense preperations [sic] or presentation. Ineffective appellate counsel.

he did not want any changes made to the petition. The district court concluded Finch had sufficient contact with his attorney and that Finch had instructed his attorney not to amend any of his claims. Based on the deficiency of the claims as pleaded, the district court dismissed Finch's post-conviction petition. Finch timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained

to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Finch presents six arguments on appeal: (1) trial counsel violated Finch's right to a mental health evaluation; (2) the district court violated Finch's constitutional right because,

4

although the district court ordered a mental health evaluation, the evaluation was never conducted; (3) Finch received ineffective assistance of counsel which violated his constitutional rights because counsel waived Finch's right to amend his petition for post-conviction relief without Finch's consent; (4) the State improperly destroyed evidence; (5) post-conviction counsel provided false testimony to the court; and (6) cumulative error. The district court comprehensively addressed claims one, two, and four in its written order. In doing so, the district court generously read the claims and arguments for each claim and provided multiple, alternate reasons that each claim was deficient. As such, there were alternate bases for dismissing each claim. Finch does not provide argument on each ground upon which each claim was dismissed; instead, he discusses the claims generally. Failure to address the alternate bases for the dismissal of a claim requires this Court to affirm the district court on any unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). Consequently, we affirm the district court's dismissal of claims one, two, and four on the unchallenged bases for their dismissal.

Finch claimed that post-conviction counsel failed to consult with him or amend the original petition. Similarly, he argues post-conviction counsel provided false testimony. We interpret both claims to mean counsel improperly informed the district court that Finch waived his right to amend his petition. Finch's claims fail for two reasons. First, Finch failed to raise this issue in the district court. The district court provided Finch with notice that the district court intended to dismiss Finch's petition. The district court stated:

> For these reasons the Court gives Mr. Finch notice of the Court's intent to dismiss this claim twenty (20) days from the date of this Order unless, within that time period, Mr. Finch, with the assistance of his appointed counsel, files a proposed amended petition stating a valid claim for relief and supports that petition with admissible evidence.

Thereafter, Finch could have filed an amended petition or explained to the court he did not have the opportunity to address the issue but Finch did not exercise either option. Although Finch claimed he had no contact with counsel, Finch never argued to the district court that counsel waived any amendments to the petition without Finch's consent. Issues not raised below will not be addressed for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

Second, Finch's claim on appeal--that his attorney waived his right to amend the petition without consulting him--is inaccurate and not supported by the record. After the district court

5

issued the notice of intent to dismiss, Finch sent a letter to the court saying he had no contact with his attorney and was unable to discuss his case with her. The district court held a hearing to inquire of post-conviction counsel and Finch whether there had been any communication between them. At the hearing, the district court asked post-conviction counsel whether she had discussed with Finch any amendments to the petition. Post-conviction counsel indicated Finch did not intend to amend the petition and had no factual basis to amend. Although Finch commented he felt he was not able to communicate with his attorney, he also stated, "And, yeah, I did direct [my attorney] not to add anything to the post-conviction [petition] that I originally submitted. I wanted it to proceed as is." The district court found Finch had contact with his attorney but had decided not to amend the petition. Because of the deficiencies in the original petition and Finch's express statement that he did not wish to amend the petition, the district court correctly dismissed the petition. Consequently, Finch's arguments on appeal is unpersuasive.

Finch's final argument, a claim of cumulative error, also fails. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Finch has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

## IV.
## CONCLUSION

For the reasons set forth above, we affirm the district court's final judgment and order dismissing Finch's petition for post-conviction relief.

Judge GUTIERREZ and Judge LORELLO, **CONCUR**.